**FILED**

**DECEMBER 10, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**07 C 6928**

| | |
|---|---|
| KALISA GOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, and UNIDENTIFIED | ) |
| CHICAGO POLICE OFFICERS, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**JUDGE PALLMEYER**
**MAGISTRATE JUDGE NOLAN**

<u>**COMPLAINT**</u>

PLAINTIFF KALISA GOLDEN, by and through her attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO and UNIDENTIFIED CHICAGO POLICE OFFICERS as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 and state law to redress the deprivation of Plaintiff's rights.

2. In specific, and as is alleged in greater detail below, the Unidentified Chicago Police Officers battered Plaintiff Golden, took her car, and unlawfully arrested and detained her in violation of the Fourth Amendment. There was no justification for these actions.

3. Rather, the Officers were acting for a purely retaliatory purpose after Plaintiff expressed displeasure with their driving when they failed to follow rules of the road thereby endangering Plaintiff's safety.

## Jurisdiction and Venue

4.    This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

5.    Venue is proper because Plaintiff resides in this judicial district as. On information and belief the Unidentified Chicago Police Officers also reside in this judicial district, given that the City of Chicago requires its employees to reside within city limits.  Defendant City of Chicago is a municipal corporation located here.  Further, the events giving rise to the claims asserted here all occurred within this district.

## Background

6.    Plaintiff Kalisa Golden is a student and a clerk employed with the law firm of Miner, Barnhill & Galland in Chicago, Illinois.  She is also a mother.

7.    On or about the evening of November 2, 2007, Ms. Golden was driving her car on South Wabash in the vicinity of 2100 South Wabash in Chicago, Illinois.

8.    As Plaintiff was traversing 21st Street, a maroon sedan traveling westbound on 21st failed to stop at the intersection, ignoring a stop sign requiring it to do so.  The maroon car almost hit Ms. Golden, causing her to sound her car's horn.  Ms. Golden also shouted at the maroon car.  Ms. Golden was obeying all traffic rules at all relevant times.

9.    The vehicle was an unmarked Chicago Police car. It briefly flashed its lights and Ms. Golden pulled over to the

side of the road.

     10.  The driver of the unmarked vehicle, Unidentified Chicago Police Officer number one was a white male.  The other occupant, Unidentified Chicago Police Officer number two was a white female.

     11.  The male officer thereafter ordered Plaintiff out of her vehicle and arrested her.  The male officer violently and maliciously twisted Plaintiff's arm behind her back causing Plaintiff to scream in pain.  The male officer then shoved Plaintiff onto the car with her arm behind her back.  He then handcuffed her in a violent fashion.  Plaintiff sustained physical injuries as a result of these acts.

     12.  At no time did Plaintiff resist or do anything which justified the plainly excessive level of force that the male officer used.  Nor were there any grounds to arrest or detain Plaintiff.

     13.  The male officer then drove Plaintiff to a Chicago Police Department facility at 18th and State.  The female officer, acting pursuant to an agreement with the male officer, took the keys to Plaintiff's car and drove it to that location as well.

     14.  As the male officer walked Ms. Golden into the police station he twisted the chain on her handcuffs.  Inside the police station, he shackled Ms. Golden to a bar using one end of the handcuffs and then tightened the other end even further on

3

her wrist to inflict pain, causing her hand to loose blood circulation.  Plaintiff suffered further pain and injury as a result of these acts.

15.  At the police station the female officer, approached Ms. Golden.  The female officer loosened the handcuff and told Ms. Golden that the male officer was not looking where he was going while he was driving, indicating that the male officer had run the stop sign.

16.  Later that evening, the male officer came and apologized to Ms. Golden.  He stating that he had run the stop sign and that he "went off the deep end."  He then gave Ms. Golden her keys and allowed her to leave.

### Count I -- 42 U.S.C. § 1983
### Fourth Amendment - Arrest and Detention

17.  Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

18.  As described more fully above, Plaintiff was arrested and detained by Unidentified Chicago Police Officersnumber one in a manner which violated the Fourth Amendment.  Unidentified Chicago Police Officer number two recognized that this arrest was unlawful and failed to intervene despite a clear opportunity to have done so.

19.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

4

20.   The policy and practice of the City of Chicago was the moving force behind these constitutional violations in that:

a.   As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.   As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d.   Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the

same crimes;

      e.   Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

      f.   The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

      21.  The misconduct described in this Count was undertaken by the Unidentified Chicago Police Officers within the scope of their employment and under color of law.

## Count II - State Law False Arrest/Detention

      22.  Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

      23.  As described more fully above, Plaintiff was arrested and detained by Unidentified Chicago Police Officers number one without lawful justification.  Unidentified Chicago Police Officer number two recognized that this arrest was unlawful and had a duty to prevent it.  Nevertheless, she failed to intervene despite a clear opportunity to have done so.

6

24.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

25.  The misconduct described in this Count was undertaken by the Unidentified Chicago Police Officers within the scope of their employment and under color of law.

### Count III -- 42 U.S.C. § 1983
### Fourth Amendment - Excessive Force

26.  Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

27.  As described more fully above, Plaintiff was battered during the arrest by Unidentified Chicago Police Officer number one through the use of unjustified and excessive force. Unidentified Chicago Police Officer number two recognized that this battery was occurring and failed to intervene despite a clear opportunity to have done so.

28.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

29.  The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

a.  As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving

7

force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.   As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d.   Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e.   Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the

8

misconduct at issue in this case; and

    f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

    30. The misconduct described in this Count was undertaken by the Unidentified Chicago Police Officers within the scope of their employment and under color of law.

## Count IV - State Law Battery

    31. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

    32. As described more fully above, Plaintiff was battered by Unidentified Chicago Police Officer number one. Unidentified Chicago Police Officer number two recognized that this battery was occurring and failed to intervene despite a clear opportunity to have done so.

    33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

    34. The misconduct described in this Count was undertaken by the Unidentified Chicago Police Officers within the scope of their employment and under color of law.

## Count V -- 42 U.S.C. § 1983
## Fourth Amendment - Seizure of Property/Conspiracy

35. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

36. As described more fully above, Unidentified Chicago Police Officer number two seized Plaintiff's car despite the lack of any justification for doing so. She did this act pursuant an agreement with Unidentified Chicago Police Officer number one who entered into the agreement knowing that there was no grounds for the seizure.

37. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

38. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its

10

officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

39.  The misconduct described in this Count was undertaken by the Unidentified Chicago Police Officers within the scope of their employment and under color of law.

## Count VI - State Law Trespass and Conversion/Conspiracy

40.  Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

41.  As described more fully above, Unidentified Chicago Police Officer number two took possession of Plaintiff's car despite the lack of any justification for doing so.  She did this act pursuant an agreement with Unidentified Chicago Police Officer number one who entered into the agreement knowing that there was no justification for taking the vehicle.

42.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff1's constitutional rights.

43.  The misconduct described in this Count was undertaken by the Unidentified Chicago Police Officers within the scope of their employment and under color of law.

## Count VII -- State Law *Respondeat* Superior

44.  Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

45.  In committing the acts alleged in the preceding paragraphs, the Unidentified Chicago Police Officers were members

and agents of the Chicago Police Department and the City of Chicago acting at all relevant times within the scope of their employment.

46. Defendant City of Chicago is liable as principal for their torts.

### COUNT VIII -- State Law Claim Indemnification

47. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

48. Illinois law provides that public entities are directed to pay any tort judgment (other than any portion for punitive damages) for which employees are liable and which were committed within the scope of their employment activities.

49. The City of Chicago has also obligated itself by the police union contract to pay tort judgments (other than any portion for punitive damages) for which employees are liable and which were committed within the scope of their employment activities. Plaintiff is a third-party beneficiary of that obligation.

50. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF CHICAGO and UNIDENTIFIED CHICAGO POLICE, awarding compensatory

13

damages, costs, and attorneys' fees, along with punitive damages against the Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiff hereby demand trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


/s/ Michael Kanovitz
Attorneys for Plaintiff


Arthur Loevy
Michael Kanovitz
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900