```
              IN THE UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

KALISA GOLDEN,                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               )    07-C-6928
                                        )
CITY OF CHICAGO, POLICE OFFICER         )    JUDGE PALLMEYER
JAMES BRILL, STAR NO. 6491, and         )
POLICE OFFICER SILVANA                  )
GIANNINI, STAR NO. 11261,               )
                                        )    JURY TRIAL DEMANDED
              Defendants.               )
```

## AMENDED COMPLAINT

PLAINTIFF KALISA GOLDEN, by and through her attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO, POLICE OFFICER JAMES BRILL and POLICE OFFICER SILVANA GIANNINI as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 and state law to redress the deprivation of Plaintiff's rights.

2. In specific, and as is alleged in greater detail below, DEFENDANT POLICE OFFICERS BRILL and GIANNINI battered Plaintiff Golden, took her car, and unlawfully arrested and detained her in violation of the Fourth Amendment. There was no justification for these actions.

3. Rather, the Officers were acting for a purely retaliatory purpose after Plaintiff expressed displeasure with

their driving when they failed to follow rules of the road thereby endangering Plaintiff's safety.

## Jurisdiction and Venue

4. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

5. Venue is proper because Defendant CITY OF CHICAGO is a municipal corporation in this judicial district, Plaintiff resides in this judicial district as, on information and belief, do the DEFENDANT OFFICERS, given that the City of Chicago requires its employees to reside within city limits. Further, the events giving rise to the claims asserted here all occurred within this district.

## Background

6. Plaintiff Kalisa Golden is a student and a clerk employed with the law firm of Miner, Barnhill & Galland in Chicago, Illinois. She is also a mother.

7. On or about the evening of November 2, 2007, Ms. Golden was driving her car on South Wabash in the vicinity of 2100 South Wabash in Chicago, Illinois.

8. As Plaintiff was traversing 21st Street, a maroon sedan traveling westbound on 21st Street failed to stop at the intersection, ignoring a stop sign. The maroon car almost hit Ms. Golden, causing her to sound her car's horn. Ms. Golden also shouted at the maroon car. Ms. Golden was obeying all traffic rules at all relevant times.

9. Unbeknownst to Ms. Golden at that time, the vehicle was an unmarked Chicago Police car.

10. The maroon car then briefly flashed its lights and Ms. Golden pulled over to the side of the road. The driver of the unmarked vehicle, was Defendant Officer Brill. The other occupant was Defendant Officer Giannini.

11. Officer Brill thereafter ordered Plaintiff out of her vehicle and arrested her. During the arrest, he violently and maliciously twisted Plaintiff's arm behind her back causing Plaintiff to scream in pain. He then shoved Plaintiff onto the car with her arm behind her back and handcuffed her in a violent fashion. Plaintiff sustained physical injuries as a result of these acts.

12. At no time did Plaintiff resist or do anything which justified the plainly excessive level of force that Officer Brill used. Nor were there any grounds to arrest or detain Plaintiff.

13. Officer Brill then drove Plaintiff to a Chicago Police Department facility at 18th and State. Officer Giannini, acting pursuant to an agreement with the male officer, took the keys to Plaintiff's car and drove it to that location as well.

14. As Officer Brill walked Ms. Golden into the police station he twisted the chain on her handcuffs. Inside the police station, he shackled Ms. Golden to a bar using one end of the handcuffs and then tightened the other end even further on her

3

wrist to inflict pain, causing her hand to loose blood circulation. Plaintiff suffered further pain and injury as a result of these acts.

15. At the police station Officer Giannini, approached Ms. Golden. Officer Giannini loosened the handcuff and told Ms. Golden that the Officer Brill was not looking where he was going while he was driving, indicating that Brill had run the stop sign.

16. Later that evening, Officer Brill came and apologized to Ms. Golden. He stating that he had run the stop sign and that he "went off the deep end." He then gave Ms. Golden her keys and allowed her to leave.

### Count I -- 42 U.S.C. § 1983
### Fourth Amendment -- Arrest and Detention

17. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

18. As described more fully above, Plaintiff was arrested and detained by DEFENDANTS BRILL AND GIANNINI in a manner which violated the Fourth Amendment. Both officers recognized that this arrest was unlawful and each failed to intervene despite a clear opportunity to have done so.

19. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

20. The policy and practice of the City of Chicago was the moving force behind these constitutional violations in that:

a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the

same crimes;

  e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

  f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

  21. The misconduct described in this Count was undertaken by Defendant Officers Brill and Giannini within the scope of their employment and under color of law.

### Count II - State Law False Arrest/Detention

  22. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

  23. As described more fully above, Plaintiff was arrested and detained by Defendant Officer Brill without lawful justification. Defendant Officer Giannini recognized that this arrest was unlawful and had a duty to prevent it. Nevertheless, she failed to intervene despite a clear opportunity to have done so.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

25. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### Count III -- 42 U.S.C. § 1983
### Fourth Amendment -- Excessive Force

26. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

27. As described more fully above, Plaintiff was battered during the arrest by Defendant Officer Brill through the use of unjustified and excessive force. Defendant Officer Giannini recognized that this battery was occurring by visually observing it and by hearing Plaintiff's screams of pain and complaints of pain from the tightness of the handcuffs. Nevertheless, she failed to intervene to stop the battery and failed to intervene sooner to loosen the handcuffs despite a clear opportunity to have done these things.

28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

29. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in

7

that:

    a.   As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b.   As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

    d.   Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

30. The misconduct described in this Count was undertaken by Defendant Officers Brill and Giannini within the scope of their employment and under color of law.

### Count IV – State Law Battery

31. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

32. As described more fully above, Plaintiff was battered by Defendant Officer Brill. Defendant Officer Giannini recognized that this battery was occurring and failed to intervene despite a clear opportunity to have done so.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

34. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### Count V -- 42 U.S.C. § 1983
### Fourth Amendment - Seizure of Property/Conspiracy

35. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

36. As described more fully above, Defendant Officer Giannini seized Plaintiff's car despite the lack of any justification for doing so. She did this act pursuant an agreement with Defendant Officer Brill, who entered into the agreement knowing that there was no grounds for the seizure.

37. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

38. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

   a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns

11

of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

39. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### Count VI - State Law Trespass and Conversion/Conspiracy

40. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

41. As described more fully above, Defendant Officer Giannini took possession of Plaintiff's car despite the lack of any justification for doing so. She did this act pursuant to an agreement with Defendant Officer Brill, who entered into the agreement knowing that there was no justification for taking the vehicle.

42. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

43. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### Count VII -- State Law *Respondeat* Superior

44. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

45. In committing the acts alleged in the preceding paragraphs, Defendant Officers Brill and Giannini were members and agents of the Chicago Police Department and the City of Chicago acting at all relevant times within the scope of their employment.

46. Defendant City of Chicago is liable as principal for their torts.

### COUNT VIII -- State Law Claim Indemnification

47. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

48. Illinois law provides that public entities are directed to pay any tort judgment (other than any portion for punitive damages) for which employees are liable and which were committed within the scope of their employment activities.

49. The City of Chicago has also obligated itself by the police union contract to pay tort judgments (other than any portion for punitive damages) for which employees are liable and which were committed within the scope of their employment activities. Plaintiff is a third-party beneficiary of that obligation.

50. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF CHICAGO, DEFENDANT POLICE OFFICER JAMES BRILL and DEFENDANT POLICE OFFICER SILVANA GINANNINI, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against the Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demand trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Michael Kanovitz
Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900