UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KALISA GOLDEN, | ) | |
| | ) | 07 C 6928 |
| Plaintiff, | ) | |
| | ) | Judge Pallmeyer |
| v. | ) | |
| | ) | Magistrate Judge Nolan |
| CITY OF CHICAGO, et al, | ) | |
| | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, answers Plaintiff's Amended Complaint and states:

**Introduction**

1. This action is brought under 42 U.S.C. §1983 and state law to redress the deprivation of Plaintiff's rights.

**ANSWER:** The City admits Plaintiff brings this action under 42 U.S.C. §1983 and state law to redress the alleged deprivation of her rights. The City denies that it deprived Plaintiff of any rights.

2. In specific, and as is alleged in greater detail below, DEFENDANT POLICE OFFICERS BRILL and GIANNINI battered Plaintiff Golden, took her car, and unlawfully arrested and detained her in violation of the Fourth Amendment. There was no justification for these actions.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Rather, the Officers were acting for a purely retaliatory purpose after Plaintiff expressed displeasure with their driving when they failed to follow rules of the road, endangering Plaintiff's safety.

  **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Jurisdiction and Venue

  4. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

  **ANSWER:** The City admits jurisdiction as to it.

  5. Venue is proper because Defendant CITY OF CHICAGO is a municipal corporation in this judicial district, Plaintiff resides in this judicial district as, on information and belief, do the DEFENDANT OFFICERS, given that the City of Chicago requires its employees to reside within city limits. Further, the events giving rise to the claims asserted here all occurred within this district.

  **ANSWER:** The City admits that is it a municipal corporation organized under the laws of the State of Illinois and that the named individual defendants reside in this district as required by City ordinance. The City further admits that the events alleged in Plaintiff's complaint arose in this judicial district and that venue is proper as to it. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

### Background

  6. Plaintiff Kalisa Golden is a student and a clerk employed with the law firm of Miner, Barnhill & Galland in Chicago, Illinois. She is also a mother.

  **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

  7. On or about the evening of November 2, 2007, Ms, Golden was driving her car on South Wabash in the vicinity of 2100 South Wabash in Chicago, Illinois.

  **ANSWER:** The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

      8.     As Plaintiff was traversing 21st Street, a maroon sedan traveling westbound on 21st Street failed to stop at the intersection, ignoring a stop sign.  The maroon car almost hit Ms. Golden, causing her to sound her car's horn.  Ms. Golden also shouted at the maroon car.  Ms. Golden was obeying all traffic rules at all relevant times.

    **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      9.     Unbeknownst to Ms. Golden at that time, the vehicle was an unmarked Chicago Police car.

    **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      10.    The maroon car then briefly flashed its lights and Ms. Golden pulled over to the side of the road.  The driver of the unmarked vehicle, was Defendant Officer Brill.  The other occupant was Defendant Officer Giannini.

    **ANSWER:**    The City admits based on Chicago Police Department documents that Officers Brill and Giannini completed a contact card indicating they had contact with Plaintiff on November 2, 2007, at or about 9:13 p.m.  The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

      11.    Officer Brill thereafter ordered Plaintiff out of her vehicle and arrested her.  During the arrest, he violently and maliciously twisted Plaintiff's arm behind her back causing Plaintiff to scream in pain.  He then shoved Plaintiff onto the car with her arm behind her back and handcuffed her in a violent fashion.  Plaintiff sustained physical injuries as a result of these acts.

    **ANSWER:**    The City admits based on Chicago Police Department documents that Officers Brill and Giannini completed a contact card indicating they had contact with Plaintiff on November 2, 2007, at or about 9:13 p.m.  The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

      12.    At no time did Plaintiff resist or do anything which justified the plainly excessive level of force Officer Brill used. Nor were there any grounds to arrest or detain Plaintiff.

      **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      13.    Officer Brill then drove Plaintiff to a Chicago Police Department facility at 18th and State. Officer Giannini, acting pursuant to an agreement with the male officer, took the keys to Plaintiff's car and drove it to that location as well.

      **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      14.    As Officer Brill walked Ms. Golden into the police station he twisted the chain on her handcuffs. Inside the police station, he shackled Ms. Golden to a bar using one end of the handcuffs and then tightened the other end even further on her wrist to inflict pain, causing her hand to loose [*sic*] blood circulation. Plaintiff suffered further pain and injury as a result of these acts.

      **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      15.    At the police station Officer Giannini, approached Ms. Golden. Officer Giannini loosened the handcuff and told Ms. Golden that the Officer Brill was not looking where he was going while he was driving, indicating that Brill had run the stop sign.

      **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      16.    Later that evening, Officer Brill came and apologized to Ms. Golden. He stating [*sic*] that he had run the stop sign and that he "went off the deep end." He then gave Ms. Golden her keys and allowed her to leave.

      **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Count I -- 42 U.S.C. § 1983
## Fourth Amendment – Arrest and Detention

17. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

18. As described more fully above, Plaintiff was arrested and detained by DEFENDANTS BRILL AND GIANNINI in a manner which violated the Fourth Amendment. Both officers recognized that this arrest was unlawful and each failed to intervene despite a clear opportunity to have done so.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. The policy and practice of the City of Chicago was the moving force behind these constitutional violations in that:

    a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

    d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal

charges against the officers as it would against citizens who commit the same crimes;

    e. Municipal policy-makers are aware of and condone (and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

 **ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegation in subpart c that "the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases." The City denies the remainder of the allegations in this paragraph and its sub-parts.

 21. The misconduct described in this Count was undertaken by Defendant Officers Brill and Giannini within the scope of their employment and under color of law.

 **ANSWER:** The City admits based upon information and belief based upon Chicago Police Department Records that Officers Brill and Giannini were acting within the scope of their employment and under color of law at all times relevant to this complaint but the City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

 WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's Amended Complaint, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

**Count II – State Law False Arrest/Detention**

**This Count is not directed at the City; therefore, the City only answers the allegations in this Count to the extent they are realleged and incorporated in other Counts against the City.**

 22. Each of the paragraphs of this Complaint is incorporated as if restated

fully herein.

**ANSWER:** The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

23. As described more fully above, Plaintiff was arrested and detained by Defendant Officer Brill without lawful justification. Defendant Officer Giannini recognized that this arrest was unlawful and had a duty to prevent it. Nevertheless, she failed to intervene despite a clear opportunity to have done so.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER:** The City admits based upon information and belief based upon Chicago Police Department Records that Officers Brill and Giannini were acting within the scope of their employment and under color of law at all times relevant to this complaint but the City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's Amended Complaint, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

## Count III — 42 U.S.C. §1983
### Fourth Amendment – Excessive Force

26. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

27. As described more fully above, Plaintiff was battered during the arrest by Defendant Officer Brill through the use of unjustified and excessive force. Defendant Officer Giannini recognized that this battery was occurring by visually observing it and by hearing Plaintiff's screams of pain and complaints of pain from the tightness of .the handcuffs. Nevertheless, she failed to intervene to stop the battery and failed to intervene sooner to loosen the handcuffs despite a clear opportunity to have done these things.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

    a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of

wrongdoing in a disproportionately small number of cases;

    d.      Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

    e.      Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    f.      The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegation in subpart c that "the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases." The City denies the remainder of the allegations in this paragraph and its sub-parts.

30.      The misconduct: described in-this Count, was undertaken by Defendant Officers Brill and Giannini within the scope of their employment and under color of law.

**ANSWER:** The City admits based upon information and belief based upon Chicago Police Department Records that Officers Brill and Giannini were acting within the scope of their employment and under color of law at all times relevant to this complaint but the City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's Amended Complaint, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

## Count IV - State Law Battery

**This Count is not directed at the City; therefore, the City only answers the allegations in this Count to the extent they are realleged and incorporated in other Counts against the City.**

31. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

32. As described more fully above, Plaintiff was battered by Defendant Officer Brill. Defendant Officer Giannini recognized that this battery was occurring and failed to intervene despite a clear opportunity to have done so.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER:** The City admits based upon information and belief based upon Chicago Police Department Records that Officers Brill and Giannini were acting within the scope of their employment and under color of law at all times relevant to this complaint but the City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its

favor on Plaintiff's Amended Complaint, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

### Count V — 42 U.S.C. §1983
### Fourth Amendment – Seizure of Property/Conspiracy

35. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

36. As described more fully above, Defendant Officer Giannini seized Plaintiff's car despite the lack of any justification for doing so. She did this act pursuant an [sic] ent with Defendant Officer Brill, who entered into the agreement knowing that there were no grounds for the seizure.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

38. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

   a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

   b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

   c. Generally, as a matter of widespread practice so prevalent as to

comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

   d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

   e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

   f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegation in subpart c that "the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases." The City denies the remainder of the allegations in this paragraph and its sub-parts.

39. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER:** The City admits based upon information and belief based upon Chicago Police Department Records that Officers Brill and Giannini were acting within the scope of their employment and under color of law at all times relevant to this complaint but the City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's Amended Complaint, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

### Count VI - State Law Trespass and Conversion/Conspiracy

**This Count is not directed at the City; therefore, the City only answers the allegations in this Count to the extent they are realleged and incorporated in other Counts against the City.**

40. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

41. As described more fully above, Defendant Officer Giannini took possession of Plaintiff's car despite the lack of any justification for doing so. She did this act pursuant to an agreement with Defendant Officer Brill, who entered into the agreement knowing that there was no justification for taking the vehicle.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER:** The City admits based upon information and belief based upon Chicago Police Department Records that Officers Brill and Giannini were acting within the scope of their employment and under color of law at all times relevant to this complaint but the City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its

favor on Plaintiff's Amended Complaint, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

### Count VII - State Law *Respondeat Superior*

44. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

45. In committing the acts alleged in the preceding paragraphs, Defendant Officers Brill and Giannini were members and agents of the Chicago Police Department and the City of Chicago acting at all relevant times within the scope of their employment activities.

**ANSWER:** The City admits based upon information and belief based upon Chicago Police Department Records that Officers Brill and Giannini were employees of the City of Chicago and were acting within the scope of their employment at all times relevant to this complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

46. Defendant City of Chicago is liable as principal for their torts.

**ANSWER:** The City states that Plaintiff's allegation that the City "is liable as principal for their torts," is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior*; therefore, this allegation is denied.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's Amended Complaint, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

### Count VIII - State Law Claim:
### Indemnification

47. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

48. Illinois law provides that public entities are directed to pay any tort judgment (other than any portion for punitive damages) for which employees are liable and which were committed within the scope of their employment activities.

**ANSWER**: The City states that Plaintiff's allegation that "public entities are directed to pay any tort judgment (other than any portion for punitive damages) for which employees are liable and which were committed within the scope of their employment activities," is a vague, incomplete and/or incorrect statement of the nature of the City's liability under Illinois law; therefore, this allegation is denied.

49. The City of Chicago has also obligated itself by the police union contract to pay tort judgments (other than any portion for punitive damages) for which employees are liable and which were committed within the scope of their employment activities. P1aintiff is a third-party beneficiary of that obligation.

**ANSWER**: The City states that Plaintiff's allegations in this paragraph are vague, incomplete and/or an incorrect statement of the nature of the City's liability under the collective bargaining agreement between it and the Fraternal Order of Police and Illinois law; therefore the City denies the allegations in this paragraph.

50. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** The City admits based upon information and belief based upon Chicago Police Department Records that Officers Brill and Giannini were employees of the City of

-15-

Chicago and were acting within the scope of their employment and under color of law at all times relevant to this complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's Amended Complaint, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

## JURY DEMAND

Defendant City of Chicago requests trial by jury.

## STATE LAW AFFIRMATIVE DEFENSES

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2006).

2. Defendant City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

3. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

4. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5. Under the Tort Immunity Act, the City is not required to pay punitive or

exemplary damages in any action brought directly or indirectly against by the injured party or a third party. 745 ILCS 10/2-102 (2006).

6. As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

## DEFENSES TO ALL CLAIMS

7. To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

8. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

**DATED:  FEBRUARY 28, 2008**             Respectfully submitted

                                          MARA S. GEORGES,
                                          Corporation Counsel
                                          City of Chicago
                                    By:   /s/Diane S. Cohen
                                          Diane S. Cohen
                                          Assistant Corporation Counsel

30 N. LaSalle, Ste. 1020
Chicago, Illinois 60602
(312) 744-2836