IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KALISA GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 6928 |
| | ) | |
| CITY OF CHICAGO, POLICE OFFICER | ) | JUDGE PALLMEYER |
| JAMES BRILL, STAR NO. 6491, and | ) | |
| POLICE OFFICER SILVANA | ) | JURY TRIAL DEMANDED |
| GIANNINI, STAR NO. 11261, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND FEDERAL RULE 12(B)(6) DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME the Defendants, CITY OF CHICAGO ("the City"), POLICE OFFICER JAMES BRILL ("Officer Brill"), and POLICE OFFICER SILVANA GIANNINI ("Officer Giannini"), by and through their attorneys, Susan E. Sullivan and Alison B. Crane of SWANSON, MARTIN & BELL, LLP, and hereby submit the following answer, affirmative defenses, and Federal Rule 12(b)(6) defenses to Plaintiff's Amended Complaint:

### Introduction

1.      This action is brought pursuant to 42 U.S.C. § 1983 and state law to redress the deprivation of Plaintiff's rights.

**ANSWER:    Defendants admit that Plaintiff is seeking recovery under 42 U.S.C. § 1983, but deny that Plaintiff is entitled to the relief sought. Defendants deny that Officer Brill and Officer Giannini or the City committed any acts of misconduct or are liable to Plaintiff in any manner.**

2.      In specific, and as is alleged in greater detail below, DEFENDANT POLICE OFFICERS BRILL and GIANNINI battered Plaintiff Golden, took her car, and unlawfully arrested and detained her in violation of the Fourth Amendment.  There was no justification for these actions.

**ANSWER:     Defendants deny the allegations of paragraph 2.**

3.      Rather, the Officers were acting for a purely retaliatory purpose after Plaintiff expressed displeasure with their driving when they failed to follow rules of the road thereby endangering Plaintiff's safety.

**ANSWER:     Defendants deny the allegations of paragraph 3.**

**Jurisdiction and Venue**

4.      This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

**ANSWER:     Defendants admit the allegations of paragraph 4.**

5.      Venue is proper because Defendant CITY OF CHICAGO is a municipal corporation in this judicial district, Plaintiff resides in this judicial district as, on information and belief, do the DEFENDANT OFFICERS, given that the City of Chicago requires its employees to reside within city limits.  Further, the events giving rise to the claims asserted here all occurred within this district.

**ANSWER:     Defendants deny Plaintiff's claims as asserted.  Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff resides in this judicial district.  Defendants admit the remaining allegations of paragraph 5.**

2

## Background

6.      Plaintiff Kalisa Golden is a student and a clerk employed with the law firm of Miner, Barnhill & Galland in Chicago, Illinois.  She is also a mother.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.**

7.      On or about the evening of November 2, 2007, Ms. Golden was driving her car on South Wabash in the vicinity of 2100 South Wabash in Chicago, Illinois.

**ANSWER:    Defendants admit that at some point on or about the evening of November 2, 2007, Ms. Golden was driving a vehicle in the vicinity of 2100 South Wabash in Chicago, Illinois.  Defendants lack knowledge or information sufficient to form a belief as to whether Ms. Golden was the owner of the vehicle she was driving.**

8.      As Plaintiff was traversing 21st Street, a maroon sedan traveling westbound on 21st Street failed to stop at the intersection, ignoring a stop sign.  The maroon car almost hit Ms. Golden, causing her to sound her car's horn.  Ms. Golden also shouted at the maroon car.  Ms. Golden was obeying all traffic rules at all relevant times.

**ANSWER:    Defendants admit that Officer Brill was driving a maroon sedan on 21st Street.  Defendants further admit that Ms. Golden sounded the horn on the car she was driving and yelled at Officers Brill and Giannini.  Defendants deny the remaining allegations of paragraph 8.**

9.      Unbeknownst to Ms. Golden at that time, the vehicle was an unmarked Chicago Police car.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to whether Ms. Golden knew that the vehicle was an unmarked police car.**

3

10.    The maroon car then briefly flashed its lights and Ms. Golden pulled over to the side of the road. The driver of the unmarked vehicle, was Defendant Officer Brill. The other occupant was Defendant Officer Giannini.

**ANSWER:    Defendants admit that the maroon vehicle briefly flashed its lights. Defendants further admit that the driver of the vehicle was Officer Brill and Officer Giannini was an occupant of the vehicle. Defendants deny the remaining allegations of paragraph 10.**

11.    Officer Brill thereafter ordered Plaintiff out of her vehicle and arrested her. During the arrest, he violently and maliciously twisted Plaintiff's arm behind her back causing Plaintiff to scream in pain. He then shoved Plaintiff onto the car with her arm behind her back and handcuffed her in a violent fashion. Plaintiff sustained physical injuries as a result of these acts.

**ANSWER:    Defendants admit that Officer Brill ordered Plaintiff out of the vehicle she was driving and handcuffed her at some point after she exited the vehicle. Defendants deny the remaining allegations of paragraph 11.**

12.    At no time did Plaintiff resist or do anything which justified the plainly excessive level of force that Officer Brill used. Nor were there any grounds to arrest or detain Plaintiff.

**ANSWER:    Defendants deny the allegations of paragraph 12.**

13.    Officer Brill then drove Plaintiff to a Chicago Police Department facility at 18th and State. Office Giannini, acting pursuant to an agreement with the male officer, took the keys to Plaintiff's car and drove it to that location as well.

4

**ANSWER:**    Defendants admit that Officer Brill drove Plaintiff to a Chicago Police Department facility at 18th and State.    Defendants further admit that Officer Giannini drove the car that Plaintiff was driving to the facility.    Defendants deny the remaining allegations of paragraph 13.

14.    As Officer Brill walked Ms. Golden into the police station he twisted the chain on her handcuffs.    Inside the police station, he shackled Ms. Golden to a bar using one end of the handcuffs and then tightened the other end even further on her wrist to inflict pain, causing her hand to loose blood circulation.    Plaintiff suffered further pain and injury as a result of these acts.

**ANSWER:**    Defendants deny the allegations of paragraph 14.

15.    At the police station Officer Giannini, approached Ms. Golden.    Officer Gianni loosened the handcuff and told Ms. Golden that Officer Brill was not looking where he was going while he was driving, indicating that Brill had run the stop sign.

**ANSWER:**    Defendants deny the allegations of paragraph 15.

16.    Later that evening, Officer Brill came and apologized to Ms. Golden.    He stating that he had run the stop sign and the "went off the deep end."    He then gave Ms. Golden her keys and allowed her to leave.

**ANSWER:**    Defendants admit that at some point, Officer Brill returned the keys to Ms. Golden and she was allowed to leave.    Defendants deny the remaining allegations of paragraph 16.

### Count I – 42 U.S.C. § 1983

### Fourth Amendment – Arrest and Detention

17.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:    Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

18.    As described more fully above, Plaintiff was arrested and detained by DEFENDANTS BRILL AND GIANNINI in a manner which violated the Fourth Amendment. Both officers recognized that this arrest was unlawful and each failed to intervene despite a clear opportunity have done so.

**ANSWER:    Defendants deny the allegations of paragraph 18.**

19.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:    Defendants deny the allegations of paragraph 19.**

20.    The policy and practice of the City of Chicago was the moving force behind these constitutional violations in that:

    a.    As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b.    As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

6

    c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Even when there is sufficient evidence for probably cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

    e.    Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    f.    The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

**ANSWER:** **Defendants deny all of the allegations of paragraph 20, including sub-paragraphs 20(a) through 20(f).**

21.    The misconduct described in this Count was undertaken by Defendant Officers Brill and Giannini within the scope of their employment and under color of law.

**ANSWER:** **Defendants admit that at all relevant times Officers Brill and Giannini were acting within the scope of their employment and under color of law. Defendants deny the remaining allegations of paragraph 21.**

**Count II – State Law False Arrest/Detention**

22.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

23.     As described more fully above, Plaintiff was arrested and detained by Defendant Officer Brill without lawful justification.     Defendant Officer Giannini recognized that this arrest was unlawful and had a duty to prevent it.  Nevertheless, she failed to intervene despite a clear opportunity to have done so.

**ANSWER:     Defendants deny the allegations of paragraph 23.**

24.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:     Defendants deny the allegations in paragraph 24.**

25.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER:     Defendants admit that at all relevant times Officer Brill and Officer Giannini were acting within the scope of their employment and under color of law.  Defendants deny the remaining allegations of paragraph 25.**

**Count III - - 42 U.S.C. §1983**

**Fourth Amendment – Excessive Force**

26.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

27.     As described more fully above, Plaintiff was battered during the arrest by Defendant Officer Brill through the use of unjustified and excessive force.  Defendant Officer Giannini recognized that this battery was occurring by visually observing it and by hearing Plaintiff's screams of pain and complaints of pain from the tightness of the

handcuffs. Nevertheless, she failed to intervene to stop the battery and failed to intervene sooner to loosen the handcuffs despite a clear opportunity to have done these things.

**ANSWER:    Defendants deny the allegations of paragraph 27.**

28.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:    Defendants deny the allegations of paragraph 28.**

29.    The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

a.    As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.    As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d.    Even when there is sufficient evidence for probably cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e.    Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

      f.     The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

**ANSWER:** **Defendants deny all of the allegations of paragraph 29, including sub-paragraphs 29(a) through 29(f).**

30.     The misconduct described in this Count was undertaken by Defendant Officers Brill and Giannini within the scope of their employment and under color of law.

**ANSWER:** **Defendants admit that at all relevant times Officer Brill and Officer Giannini were acting within the scope of their employment and under color of law. Defendants deny the remaining allegations of paragraph 30.**

### Count IV – State Law Battery

31.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Each of Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

32.     As described more fully above, Plaintiff was battered by Defendant Officer Brill. Defendant Officer Giannini recognized that this batter was occurring and failed to intervene despite a clear opportunity to have done so.

**ANSWER:** **Defendants deny the allegations of paragraph 32.**

33.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutions rights.

**ANSWER:** **Defendants deny the allegations of paragraph 33.**

10

34.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER:     Defendants admit that at all relevant times Officer Brill and Officer Giannini were acting within the scope of their employment and under color of law. Defendants deny the remaining allegations of paragraph 34.**

### Count V - - 42 § 1983
### Fourth Amendment – Seizure of Property/Conspiracy

35.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Each of Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

36.     As described more fully above, Defendant Officer Giannini seized Plaintiff's car despite the lack of any justification for doing so. She did this act pursuant an agreement with Defendant Officer Brill, who entered into the agreement knowing that there was no grounds for the seizure.

**ANSWER:     Defendants deny the allegations of paragraph 36.**

37.     The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:     Defendants deny the allegations of paragraph 37.**

38.     The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

        a.     As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

11

    b.    As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Even when there is sufficient evidence for probably cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

    e.    Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    f.    The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

    **ANSWER:**    **Defendants deny all of the allegations of paragraph 38, including**

**sub-paragraphs 38(a) through 38(f).**

39.    The misconduct described in this Count was undertaken by Defendant

Officers Brill and Giannini within the scope of their employment and under color of law.

    **ANSWER:**    **Defendants admit that at all relevant times Officer Brill and**

**Officer Giannini were acting within the scope of their employment and under color of**

**law. Defendants deny the remaining allegations of paragraph 39.**

12

### Count VI – State Law Trespass and Conversion/Conspiracy

40.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:    Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

41.     As described more fully above, Defendant Officer Giannini took possession of Plaintiff's car despite the lack of any justification for doing so.  She did this act pursuant to an agreement with the Defendant Officer Brill, who entered into the agreement knowing that there was no justification for taking the vehicle.

**ANSWER:    Defendants deny the allegations of paragraph 41.**

42.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:    Defendants deny the allegations of paragraph 42.**

43.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER:    Defendants admit that at all relevant times Officer Brill and Officer Giannini were acting within the scope of their employment and under color of law.  Defendants deny the remaining allegations of paragraph 43.**

### Count VII - - State Law *Respondeat* Superior

44.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:    Each of Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth herein.**

45.    In committing the acts alleged in the preceding paragraphs, Defendant Officers Brill and Giannini were members and agents of the Chicago Police Department and the City of Chicago acting at all relevant times within the scope of their employment.

**ANSWER:    Defendants admit that at all relevant times Officer Brill and Officer Giannini were acting within the scope of their employment.  Defendants deny the remaining allegations of paragraph 45.**

46.    Defendant City of Chicago is liable as principal for their torts.

**ANSWER:    The allegations contained in paragraph 46 constitute a legal conclusion for which no answer is required.**

### Count VIII - - State Law Claim Indemnification

47.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:    Each of Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth herein.**

48.    Illinois law provides that public entities are directed to pay any tort judgment (other than any portion for punitive damages) for which employees are liable and which were committed within the scope of their employment activities.

**ANSWER:    The allegations contained in paragraph 48 constitute a legal conclusion for which no answer is required.**

49.    The City of Chicago has also obligated itself by the policy union contract to pay tort judgments (other than any portion for punitive damages) for which employees are liable and which were committed within the scope of their employment activities.  Plaintiff is a third-party beneficiary of that obligation.

14

**ANSWER:**    **Defendants deny the allegations of paragraph 49.**

50.    The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:**    **Defendants admit that at all relevant times Officer Brill and Officer Giannini were acting within the scope of their employment. Defendants deny all remaining allegations of paragraph 50.**

WHEREFORE, Defendants CITY OF CHICAGO, POLICE OFFICER JAMES BRILL and POLICE OFFICER SILVANA GIANNINI by their attorneys, Susan E. Sullivan and Alison B. Crane of SWANSON, MARTIN and BELL, LLP, denies that they are liable to Plaintiff, KALISA GOLDEN, in any amount whatsoever, and demands that judgment be entered in their favor and against Plaintiff under Counts I, II, III, IV, V, VI, VII, and VIII of Plaintiff's Amended Complaint, with costs assessed.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Qualified Immunity

Defendants are entitled to qualified immunity as to the allegations set forth in Counts I, III and V of Plaintiff's Complaint at Law.

### Second Affirmative Defense – Probable Cause

As to the allegations set forth in Count I and II, and any other count set forth in Plaintiff's Amended Complaint which can be construed as seeking damages based upon an alleged false arrest or unlawful detention, Defendants had probable cause to arrest Plaintiff, the existence of which is an absolute defense to a section 1983 false arrest claim and a state law false arrest/unlawful detention claim.

### Third Affirmative Defense – 745 ILCS 10/2-201

As to the allegations set forth in Counts II, IV, VI, VII, and VIII of Plaintiff's

Amended Complaint, Defendants are entitled to immunity pursuant to 745 ILCS 10/2-201,

which provides in pertinent part as follows:

> Except as otherwise provided by Statute, a public employee serving in a
> position involving the determination of policy or the exercise of discretion
> is not liable for an injury resulting from his act or omission in determining
> policy when acting in the exercise of such discretion even though abused.

### Fourth Affirmative Defense – 745 ILCS 10/2-202

As to the allegations set forth in Counts II, IV, VI, VII, and VIII of Plaintiff's

Amended Complaint, Defendants are entitled to immunity pursuant to 745 ILCS 10/2-202,

which provides in pertinent part as follows:

> A public employee is not liable for his act or omission in the execution or
> enforcement of any law unless such act or omission constitutes willful and
> wanton conduct.

### Fifth Affirmative Defense – 745 ILCS 10/2-204

As to the allegations set forth in Counts II, IV, VI, VII, and VIII of Plaintiff's

Amended Complaint, Officer Brill, Officer Giannini and the City's agents and employees

are entitled to immunity, to the extent said allegations seek to hold them liable for the act

or omission of another person, pursuant to 745 ILCS 10/2-204, which provides in pertinent

part as follows:

> Except as otherwise provided by statute, a public employee, as such and
> acting within the scope of his employment, is not liable for an injury caused
> by the act or omission of another person.

16

### Sixth Affirmative Defense - 745 ILCS 10/2-208

As to the allegations set forth in Counts II, IV, VI, VII, and VIII of Plaintiff's

Amended Complaint, Officer Brill, Officer Giannini and the City's agents and employees

are entitled to immunity under 745 ILCS 10/2-208, which provides as follows:

> A public employee is not liable for injury caused by his instituting or
> prosecuting any judicial or administrative proceeding within the scope of
> his employment, unless he acts maliciously and without probable cause.

### Seventh Affirmative Defense – 735 ILCS 5/2-1116(c)

Any damages sought by Plaintiff in Counts II, IV, VI, VII, and VIII of Plaintiff's

Complaint should be barred or reduced in proportion to the amount of contributory fault

the finder of fact attributes to Plaintiff, pursuant to 735 ILCS 5/2-1116(c), which provides

as follows:

> In all actions on account of death, bodily injury or physical damage to
> property in which recovery is predicated upon fault, the contributory fault
> chargeable to the plaintiff shall be compared with the fault of all tortfeasors
> whose fault was a proximate cause of the death, injury, loss, or damage for
> which recovery is sought. The plaintiff shall be barred from recovering
> damages if the trier of fact finds that the contributory fault on the part of the
> plaintiff is more than 50% of the proximate cause of the injury or damage
> for which recovery is sought. The plaintiff shall not be barred from
> recovering damages if the trier of fact finds that the contributory fault on the
> part of the plaintiff is not more than 50% of the proximate cause of the
> injury or damage for which recovery is sought, but any economic or non-
> economic damages allowed shall be diminished in the proportion to the
> amount of fault attributable to the plaintiff.

### Eighth Affirmative Defense – Failure to Mitigate Damages

Any verdict or judgment obtained by Plaintiff should be reduced due to her failure

to mitigate her damages.

### Ninth Affirmative Defense – 720 ILCS 5/7-1 and 720 ILCS 5/7-5

As to the allegations set forth in Count IV of Plaintiff's Amended Complaint, the City's agents and employees, if any, are entitled to immunity, if they believed that the force used against Plaintiff was reasonably necessary to prevent bodily harm to themselves others pursuant to 720 ILCS 5/7-1 and 720 ILCS 5/7-5.

## FEDERAL RULE 12(B)(6) DEFENSES

1.     Counts I, II, III, IV, V, VI, VII, and VIII fail to state causes of action upon which relief may be granted.

2.     Any award of punitive damages would deprive Officer Brill, Officer Giannini and the City's agents and employees due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

      a.     liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

      b.     the award of punitive damages is disproportionate to actual damages.

RESPECTFULLY SUBMITTED,


/s/ Susan E. Sullivan
One of the Attorneys for Defendants


Susan E. Sullivan, Atty No. 6238201
Alison B. Crane, Atty. No. 6289278
ssullivan@smbtrials.com
acrane@smbtrials.com
Swanson, Martin & Bell, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100