IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KALISA GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-C-6928 |
| | ) | |
| CITY OF CHICAGO, POLICE OFFICER | ) | JUDGE PALLMEYER |
| JAMES BRILL, STAR NO. 6491, and | ) | |
| POLICE OFFICER SILVANA | ) | |
| GIANNINI, STAR NO. 11261, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT BRILL
TO APPEAR FOR A DEPOSITION ON JUNE 11, 2008, A DATE HE IS AVAILABLE**

Plaintiff Kalisa Golden, by through her undersigned attorneys, Loevy & Loevy, respectfully moves this Honorable Court to enter an order compelling Defendant James Brill to appear for deposition on June 11, 2008. In support of this Motion, Plaintiff states as follows:

1. Plaintiff is attempting to litigate this case in an efficient and timely manner that minimizes the costs and burdens to all concerned. For example, despite having pled a *Monell* pattern and practice count, Plaintiff has decided to forgo pursuing that claim in order to streamline the case and get it to trial.

2. Another step Plaintiff has taken, and the reason for this motion, is that she decided to take the deposition of Defendant Brill early in the case (although, not that early, given that the the fact discovery cut-off is August 15, 2008) and then determine from the deposition what if any further discovery she will need.

3. Accordingly, on May 16, 2008, Plaintiff served a notice for Defendant Brill to appear for a deposition to commence June 3, 2008 (*i.e.*, tomorrow) at 10 a.m. See Brill

Deposition Notice, Exhibit A hereto, and 5/16/08 Email from Plaintiff's Counsel Kanovitz to Defendant's Counsel Sullivan, Exhibit B hereto. At that time, Plaintiff's Counsel stated to Defense Counsel as follows:

> Dear Susan,
>
> Attached is a deposition notice for Officer Brill. If there is a date conflict please let me know within a few days so that we can reschedule quickly.
>
> Thanks,
> Mike Kanovitz

Exhibit B.

4. Defense Counsel never responded to state that she could not (or would not) produce Defendant Brill at the noticed date and time.

5. In fact, the first communication from Defendants on this point was this afternoon, the day before the deposition. Brill's counsel unilaterally decided that Brill would not sit for his deposition until after Brill had conducted written discovery on Plaintiff, stating:

> I will not be producing Officer Brill tomorrow for deposition. Defendants would prefer to complete written discovery before the depositions proceed. I have enclosed Officer Brill's interrogatories and production request to plaintiff, which I will also send today via facsimile. . . . Please let me know what dates you are available the second week of July to reschedule Officer Brill's deposition.

6/2/08 Chain of Emails between Defendant's Counsel Sullivan and Plaintiff's Counsel Kanovitz, Exhibit C, hereto (earliest email of the day).

6. There is no legitimate excuse for canceling this deposition, such as scheduling conflicts, nor for the weeks-long delay between Plaintiff's service of the deposition notice and Defendant's statement that he refuses to attend until he obtains answers to written discovery that he did not even bother to serve until today.

2

7.      Moreover, there is no good reason why Defendant Brill should delay giving his account about the event until Plaintiff answers his later served written discovery. His truthful account of the events should be unaffected. Further, the Federal Rules do not permit him to so condition his willingness to be deposed. See FRCP 26(d)(2) ("methods of discovery may be used in any sequence. . . . discovery by one party does not require any other party to delay its discovery.").

8.      Undersigned counsel is working diligently to meet the August 15, 2008 fact discovery cut-off. However, he has three trials scheduled this summer and, like everyone else, numerous other responsibilities to meet as well. That is why counsel started promptly after fact discovery commenced by scheduling Brill's deposition for a time when counsel could give it his full attention.

9.      Plaintiff has attempted to resolve this dispute. At present, Defendant's Counsel has stated that Brill is available on June 11. See Exhibit C (latest email in chain). However, she further stated she will only produce Brill if Plaintiff responds to her interrogatories and requests for production to her satisfaction by this Friday (*i.e.* four days after they were served), but only if she deems the responses satisfactory. Id.[1]

10.     Undersigned counsel is contacting Plaintiff to see if it will be possible for her to meet this extraordinarily fast turnaround time. However, even if Plaintiff is able to jump through this hoop within that time, there is no way to know if Defendants' Counsel will deem these responses insufficient and therefore still refuse to produce Defendant Brill.

---

[1] The requests that Defendant served today consists of 24 Interrogatories and 20 Requests for Production of Documents. See Group Exhibit D, hereto.

11. Regardless, all of that should be besides the point. Brill had no right to cancel his deposition which was scheduled for tomorrow and he is available June 11th. He should be ordered to appear for a make-up deposition at that time.

WHEREFORE, Defendant Brill should be compelled to sit for his deposition on June 11, starting at 10 a.m.

/s/ Michael Kanovitz
ONE OF COUNSEL FOR PLAINTIFF

Arthur Loevy
Michael Kanovitz
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900