

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KALISA GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 6928 |
| | ) | |
| CITY OF CHICAGO, POLICE OFFICER | ) | JUDGE PALLMEYER |
| JAMES BRILL, STAR NO. 6491, and | ) | |
| POLICE OFFICER SILVANA | ) | JURY TRIAL DEMANDED |
| CIANNINI, STAR NO. 11261, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 26 (c) and 45 C.F.R. §§ 160 & 164, the Court finds for good cause shown:

1. The following words and terms are defined for purposes of this protective order:

a. Parties shall mean defendant City of Chicago, plaintiff, and any additional party that this Court may subsequently recognize as subject to this protective order, and their attorneys.

2. "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

4. "PHI" shall mean protected health information, as that term is used in HIPAA and

the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6. "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party civilian witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personnel files, disciplinary actions, histories, files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), and related information that are protected by the *Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.*, as well as personal and family information of police officers, including residential information. "Confidential matter" shall also include documents covered by the *Illinois Juvenile Court Act*, 705 ILCS 405/1-7 and 1-8.

7. This Order governs all discovery related to the exchange or dissemination of

information or the production of documents designated as PHI and/or Confidential Matter.

    a.     The parties shall be familiar with HIPAA and the Privacy Standards.

    b.     The parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of parties and non-parties to or from other parties and non-parties.

8.     The parties will abide by the following terms and conditions:

    a.     The parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

    b.     The parties will store all PHI while it is in their possession according to the Privacy Standards.

    c.     The parties agree to assist each other in the release of PHI by waiving all notice requirements that would otherwise be necessary except that any party serving a subpoena, release or authorization for records shall provide notice to all parties of such request.

    d.     The parties either seek or agree to the release of PHI specifically for, but not limited to, the following persons from the covered entity or entities identified in interrogatory answers, supplementary disclosures, deposition testimony, or other discovery tools:

**KALISA GOLDEN**

9.     All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action. The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards.

10. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

**CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 07 CV 6928**

Or

**CONFIDENTIAL**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

11. Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

12. To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any confidential matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

13. By this Protective Order, the discovering party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding party and other parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not

contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

14. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

15. This Protective Order may be modified by further written stipulation signed by signatories and/or by further order of this Court upon application to the Court with notice.

16. No restricted or sealed document is to be filed with the Clerk of the Court unless prior to filing, and upon a motion, showing of good cause for why the specific document(s) should be filed under seal is established and leave of court to file the particular document(s) is specifically obtained.

ENTER: June 30, 2008

REBECCA R. PALLMEYER
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT